UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHAWN O'CONNELL,<br><br>   Plaintiff,<br><br>   v.<br><br>CELONIS, INC.,<br><br>   Defendant. | Case No. 22-cv-02320-WHO (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 63 |

**INTRODUCTION AND STATEMENT**

The plaintiff Shawn O'Connell sued his former employer Celonis, claiming wrongful termination, fraud, breach of contract, and related torts. He alleges that the defendant recruited him by promising 3,000 restricted stock units (RSUs), even though the company had no employee-stock plan, and later relied on a "bad faith" interpretation of the plaintiff's offer letter to reduce his equity to 300 RSUs. He also alleges that the defendant later terminated him after he objected to certain business practices allegedly designed to inflate the company's pre-IPO growth and provided evidence in a sexual-assault case brought by his direct report.[1]

---

[1] Compl. – ECF No. 1 at 8 (cover page), 11–13 (¶¶ 1–9). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 22-cv-02320-WHO (LB)

The parties now dispute whether the plaintiff is entitled to certain depositions and responses to his contention interrogatories.[2] Fact discovery closes on July 28, 2023.[3] As of April 2023, the parties were working through discovery disputes and anticipated that fact discovery would extend beyond the then-existing May deadline.[4] As of June 20, the plaintiff had completed only one (partial) deposition, the defendant's document productions were not yet complete, and the defendant had agreed to some depositions (including of one of its CEOs) that were to occur before the fact-discovery cut-off.[5] The court can decide the dispute preliminarily without oral argument, N.D. Cal. Civ. L. R. 7-1(b), and allows ten depositions for now, adopts Celonis's proposed compromise regarding the contention interrogatories, deems the issues preserved, and allows the issues (including any request by the plaintiff for leave to take more than ten depositions) to be revisited after the close of fact discovery. In aid of this process, the court sets a discovery case-management conference for Thursday, July 27, 2023, at 9:30 a.m.

## ANALYSIS

**1. Depositions**

The plaintiff has noticed seventeen depositions.[6] Celonis agrees to schedule up to ten depositions but contends that any more would not be proportional given the scope of the case.[7]

Rule 30(a)(2) limits the number of depositions that each side may take (without leave or stipulation) to ten. "A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for the additional discovery." *Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008). "To that end, courts will generally not grant leave to expand the number of depositions until the moving party has

---

[2] Disc. Letter Br. – ECF No. 63.
[3] Order – ECF No. 60.
[4] *Id.* at 2.
[5] Disc. Letter Br. – ECF No. 63 at 1, 3.
[6] Disc. Letter Br. at 1–2.
[7] *Id.* at 2–4.

ORDER – No. 22-cv-02320-WHO (LB)　　　　　　　　2

1  exhausted the ten depositions permitted as of right under Rule 30(a)(2)." *Id.* "When evaluating a
2  party's request to expand discovery limitations, the court must ensure that the discovery sought is
3  'relevant to [the] party's claim[s] or defense[s]' and not unreasonably cumulative, duplicative, or
4  burdensome." *Newport v. Burger King Corp.*, No. C-10-04511-WHA (DMR), 2011 WL 3607973,
5  at *1 (N.D. Cal. Aug. 16, 2011) (quoting Fed. R. Civ. P. 26(b)).

6  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's
7  claim or defense and proportional to the needs of the case, considering the importance of the issues
8  at stake in the action, the amount in controversy, the parties' relative access to relevant information,
9  the parties' resources, the importance of the discovery in resolving the issues, and whether the
10 burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

11 At issue here is the interplay between the foregoing rules and the rules related to taking
12 depositions after the discovery cut-off.

13 The trial court's scheduling order limits the time to complete discovery. Fed. R. Civ. P. 16(b).
14 In the Northern District of California, "discovery cut-off" means the date on which all responses to
15 written discovery are due and by which all depositions must be concluded, unless otherwise
16 ordered. N.D. Cal. Civ. L.R. 37-3. "Counsel should initiate discovery requests and notice
17 depositions sufficiently in advance of the cut-off date to comply with this local rule." *Id.*,
18 commentary. "Discovery requests that call for responses or depositions after the applicable
19 discovery cut-off are not enforceable, except by order of the [c]ourt for good cause shown." *Id.*
20 Thus, unless an extension or relief is granted, discovery not completed by the discovery cut-off
21 date is not allowed, except by court order for good cause shown. *Id.*; Fed. R. Civ. P. 16(b)(4); *see*
22 *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

23 "Although the existence or degree of prejudice to the party opposing" the request is relevant to
24 the good-cause inquiry, "the focus of the inquiry is upon the moving party's reasons for seeking
25 modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In
26 particular, the court "primarily considers the diligence of the party seeking amendment." *Lawrence*
27 *v. City & Cnty. of San Francisco*, No. 14-cv-00820-MEJ, 2016 WL 3254232, at *2 (N.D. Cal. June
28 14, 2016) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)).

"Where the moving party has not been diligent, the inquiry ends and the motion should be denied." *Id.* (citing *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)).

For now, the court allows ten depositions out of the seventeen already noticed or subpoenaed. Some of these presumably will occur after the discovery cut-off; there is good cause because the plaintiff was diligent, and the parties' discovery schedule meant that depositions mostly commenced only recently. To the extent the plaintiff wants more depositions after those ten are complete, the issue is preserved. The parties must meet and confer and then may raise any disputes with the court. The issue then will be whether the additional depositions are relevant and proportional (such that the plaintiff has made a particularized showing of need) and whether there is good cause for more depositions after the discovery cut-off (in that regard, the plaintiff has been diligent, and the court views its case-management role as allowing more depositions past the cut-off). This process will allow the parties to make more particularized arguments about any depositions beyond the first ten.

### 2. Interrogatories

The second issue is whether and when Celonis must respond to the plaintiff's contention interrogatory (interrogatory 19). The interrogatory asks for all facts, documents, and witnesses that support the defendant's request-for-admission responses that were not "unqualified" admissions.[8] Celonis contends that it need not respond until after the close of fact discovery and that the request exceeds the twenty-five-interrogatory limit imposed by Rule 33. Celonis offers to respond to a "limited number of requests" in July with the right to supplement after fact discovery closes.[9] The court sets out a process but Celonis can mostly wait to respond.

A party can serve more than twenty-five interrogatories, "including all discrete subparts," only if the parties so stipulate or the court grants leave to do so. Fed. R. Civ. P. 33(a)(1). The court can grant leave "to the extent consistent with Rule 26(b)(1) and (2)." *Id.* The advisory committee notes

---

[8] *Id.* at 4.
[9] *Id.* at 4–5.

confirm that "leave to serve additional interrogatories is to be allowed when consistent with Rule 26(b)(2)" and "[t]he aim is not to prevent needed discovery." *Id.*, Advisory Committee Notes (1993 Amendment). Thus, if interrogatories are relevant and proportional, they must be answered.

"There is a strong presumption that each underlying request for admission constitutes a separately countable subpart." *Colony Ins. Co. v. Mt. Hawley Ins. Co.*, No. 18-cv-00519-SI, 2018 U.S. Dist. LEXIS 197157, at *2 (N.D. Cal. Nov. 19, 2018) (cleaned up). "An interrogatory that asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions usually should be construed as containing a subpart for each request for admission contained in the set." *Id.*; *see also NAACP of San Jose/Silicon Valley v. City of San Jose*, No. 21-cv-01705-PJH, 2022 WL 17436497, at *7 (N.D. Cal. Dec. 6, 2022) ("an interrogatory seeking the factual basis for request-for-admission denials is properly treated as a compound interrogatory"); *Byard v. City and Cnty. of San Francisco*, No. 16-cv-00691-WHA (DMR), 2017 WL 988497, at *3 (N.D. Cal. Mar. 15, 2017) ("As to the interrogatory, the court finds that it contains a separately countable subpart for each admitted RFA under Rule 33.").

Contention interrogatories are governed primarily by Rule 33(a)(2):
> An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2).

"Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken." *In re eBay Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008). "In fact, courts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete." *Id*. Thus, as a general rule, a party moving to compel responses to contention interrogatories at an early stage in litigation must show that the responses would "contribute meaningfully" to one of the following: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis

for a motion under Rule 11 or Rule 56. *In re Convergent Techs. Secs. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985); *Nitride Semiconductors v. Rayvio*, No. 17-cv-2952-EJD (SJK), 2017 U.S. Dist. LEXIS 206011, at *4 (N.D. Cal. Dec. 14, 2017). "These guidelines are not to be applied rigidly, and so any decision must be made on a case by case basis." *HTC Corp. v. Tech. Props. Ltd.*, No. C 08–00882 JF (HRL), 2011 WL 97787, *2 (N.D. Cal. Jan. 12, 2011); *see eBay Seller*, 2008 WL 5212170, at *1 & n.3 (acknowledging "non-rigid rule"). The requesting party has the "burden of justification" to overcome the "general policy [] to defer propounding and answering contention interrogatories until near the end of the discovery period." *Convergent Techs.*, 108 F.R.D. at 337.

Here, the parties have not provided the court with any specifics about the requests for admission at issue, so the court can't tell whether the contention interrogatories are relevant and proportional. In any case, given the court's holding on the depositions, it is difficult to say that discovery is almost complete. Celonis offered to consider an earlier response for some of its requests for admissions: to the extent Celonis has not already done so, the parties must meet and confer about the possibility, in light of any discovery and depositions that have already occurred. Otherwise, Celonis may wait until the plaintiff's first ten depositions are almost complete. The parties may raise any further disputes on this issue after the close of fact discovery.

## CONCLUSION

This resolves ECF No. 63. The court sets a discovery case-management conference for July 27, 2023, at 9:30 a.m. to set a discovery plan. The parties must confer by July 25, 2023, and submit a discovery schedule by July 26, 2023, at noon.

**IT IS SO ORDERED.**

Dated: July 21, 2023

LAUREL BEELER
United States Magistrate Judge